BOBBY A. GHAJAR (SBN 198718)
Email: bobby.ghajar@pillsburylaw.com
MARCUS D. PETERSON (SBN 265339)
Email: marcus.peterson@pillsburylaw.com
PILLSBURY WINTHROP SHAW PITTMAN LLP
725 South Figueroa Street, Suite 2800
Los Angeles, CA 90017-5406
Telephone: (213) 488-7100
Facsimile No.: (213) 629-1033

Attorneys for Plaintiff
OPTIVER AUSTRALIA PTY LTD. & ANOR.

Filed
OCT 0 9 2012
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OPTIVER AUSTRALIA PTY LTD. & ANOR., <br><br> Plaintiff, <br><br> vs. <br><br> TIBRA TRADING PTY LTD. & ORS., <br><br> Defendant. | Case No. CV-12 80242 <br><br> MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR JUDICIAL ASSISTANCE PURSUANT TO 28 U.S.C. §1782 |

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Optiver and Tibra Trading Pty. Ltd. ("Tibra") are engaged in litigation in the Federal Court of Australia. Pursuant to 28 U.S.C. §1782, Optiver seeks leave of the Court to serve a subpoena to produce documents on Google, Inc. ("Google") to obtain information relating to emails sent by and to individuals who were employees of Optiver and are now employees and principals of Tibra.

Optiver's request meets the requirements of 28 U.S.C. §1782 and also meets the discretionary factors set out by the Supreme Court in *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 US 241 (2004). Moreover, in anticipation of any argument by Tibra or Google that the requested information is protected from disclosure by the Digital

- 1 -



Communications Privacy Act ("DCPA"), 18 U.S.C. §2701 *et seq.*, Optiver does not seek the contents of any communications, but only subscriber information and information related to communications. As such, the request should be granted.

## II. SUMMARY OF RELEVANT FACTS

Optiver conducts a proprietary arbitrage business on markets including the Australian Stock Exchange (ASX) and the Sydney Futures Exchange (SFE). *See* Declaration of James Lawrence in Support of Request for Judicial Assistance ("Lawrence Decl."), ¶5. Tibra is a direct competitor of Optiver and operates a separate arbitrage business. *Id.* at ¶7. Many of the founders and stockholders of Tibra were employees of Optiver who left Optiver between November 2005 and July 2006. *Id.*

The litigation between the parties involves a number of computer programs designed, developed, and written by employees of Optiver between 2003 and 2006 for use in trading on multiple markets. *Id.* at ¶8. Optiver alleges that Tibra employees copied and used Optiver's proprietary source code when creating their competing business. *Id.* at ¶9.

Prior to commencing the proceedings against Tibra, Optiver sought preliminary discovery against individual owners/employees of Tibra. The Federal Court of Australia permitted preliminary discovery and the documents formed the basis of the lawsuit against Tibra. *Id.* at ¶11. During the litigation, Optiver sought additional discovery. Optiver sought emails between the individual parties that were potentially related to the Optiver source code or otherwise related to the issues in the litigation. *Id.* at 16. Tibra produced a limited number of documents but refused to produce key emails, and later suggested that emails and other documents were unavailable or had been destroyed. *Id.* at 17-18.

One of the emails produced led Optiver to believe that Tibra employees had engaged in a calculated plan to destroy documents. That email instructed other employees to "Erase all emails, sent items, deleted items, Skype chats, files etc from hard drive. Copy all existing files into new files. Fill up or blast hard drive. Destroy all paper correspondence. Discontinue PGP." *Id.* at 20. PGP is en encryption system that prevents

- 2 -

anyone without the encryption key and associated passphrase from reading an email. Tibra's failure to provide both the encryption keys and passphrases has made it impossible to Optiver to access the information contained in a large number of emails. *Id.* at 23-26.

In light of the foregoing, the Federal Court of Australia determined that Tibra's responses were inadequate and ordered further discovery. The Australian Court's order specifically contemplates Optiver seeking leave of a United States court to allow Optiver to obtain discovery from Google, Inc. *Id.* at 12.

Optiver now seeks information relating to the email accounts of Tibra owners/employees that may allow it to determine whether evidence has been destroyed or not discovered by Tibra. This includes information regarding when emails were sent, received, read, forwarded, and deleted.

### III. ARGUMENT

#### A. Optiver Meets the Requirements of 28 U.S.C. §1782

28 U.S.C. §1782 provides as follows:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure. A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

Section 1782 imposes three basic requirements: (1) the applicant must be a foreign tribunal or an "interested person"; (2) discovery must be for use in a proceeding before the

- 3 -

foreign tribunal; and (3) application for discovery must be made in the district where the person from whom discovery is sought resides. *Govan & Brown Assoc. v. Does 1 & 2*, 2010 WL 3076295 at *2 (N.D. Cal. 2010); *see also Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 at 264-265 (2004). In *Govan*, the Plaintiff sought to obtain from Google the IP addresses of the owners of certain email addresses. 2010 WL 3076295 at *1. The Court stated that Govan met the requirements of the statute because, as a litigant in Canadian lawsuit, it was clearly an interested person, because the discovery sought was for use before the Canadian court, and the request was made in the correct jurisdiction because the Northern District of California was the "residence" of Google. *Id.* at *2.

The same is true in this case. Optiver is an interested person as it is a party to litigation in Australia in which the destruction or deletion of evidence, including emails sent to Google Gmail accounts, is of central importance. The discovery sought is for use in current litigation in Australia. The Northern District of California is where Google's headquarters are located. In fact, this Court has allowed Tibra to serve a subpoena on Google to be used in the same Australia litigation. *See In re Petition Pursuant to 28 U.S.C. §1782 for an Order permitting Tibra Global Services Pty. Ltd., an Australian company, et al., to take discovery, pursuant to Federal Rules of Civil procedure, of Google, Inc., for use in an action pending in the Federal Court of Australia*, Misc. Case No. CV 10-80-221 MISC CRB (2010). Therefore, Optiver should be allowed to seek discovery of Google.

### B. The *Intel* Factors All Support Granting Optiver's Request

Because 28 U.S.C. §1782 does not require a Court to allow a party to seek discovery of information, the Supreme Court set forth four factors that courts should consider in determining whether to grant a request for judicial assistance. These factors are:

1) Whether the person from whom discovery is sought is a participant in the foreign proceeding;

2) The nature of the foreign tribunal, the character of the proceedings underway, and the receptivity of the foreign government or court to U.S. federal court assistance;

3) Whether the request conceals an attempt to circumvent foreign proof-gathering restrictions; and

4) Whether the request is unduly intrusive or burdensome.

*Intel*, 542 U.S. at 264-265.

Each of these factors favors Optiver.

As to the first factor, Google is not a party to the litigation in Australia, and as such is "outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Id.*

As to the second factor, the foreign tribunal is the Federal Court of Australia and the proceeding is a civil litigation. Not only is the Federal Court of Australia receptive to the U.S. District Court's assistance, the Court has specifically allowed for Optiver to seek this discovery. Lawrence Decl. at ¶12.

Similarly, as to the third factor, the request is not an attempt to circumvent foreign proof-gathering restrictions, but has been authorized by the Federal Court of Australia.

As to the fourth factor, the request is not unduly intrusive or burdensome. Optiver merely seeks subscriber information and data about emails for a limited time frame, from a limited number of email addresses that are hosted by Google through its Gmail system.

The balancing of these factors indicates that the Court should exercise its discretion and permit Optiver to subpoena the records from Google.

### C. The Requested Information does not Violate the Digital Communications Privacy Act

In certain cases, Google and others have argued that the Digital Communications Privacy Act ("DCPA") prevents the production of information, including stored communications. The law provides in relevant part, "a person or entity providing an

- 5 -

electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. §2702(a)(1). This law applies to an email service provider like Google. *Beluga Shipping GMBH & Co. v. Suzlon Energy Ltd.*, 2010 WL 3749279 (N.D. Cal. 2010). There, Suzlon sought permission under §1782 to subpoena Google to produce the contents of certain email accounts. *Id.* at *1. Google intervened on the grounds that the DCPA prevented Google from producing the requested documents. *Id.* at *3-4. The court agreed that Google could not produce emails, but did require Google to produce documents related to the emails, including the names of the account holders and when the email accounts were created. *Id.* at *5.

Here, because Optiver is not seeking actual email communications themselves, the DCPA does not in any way preclude Optiver's request. To the contrary, Optiver seeks information about certain emails, including when they were sent or received, when they were read, when they were forwarded, and when they were deleted. See Lawrence Decl., Ex. B. This information is akin to "subscriber information" and Google is allowed to disclose such information. *See Mintz v. Mark Bartelstein & Assoc.*, 2012 WL 355351 (C.D. Cal. 2012). In *Mintz*, Defendants sought to serve a subpoena on AT&T seeking call and text message information. The court ruled that the DCPA applied to AT&T but allowed Defendant to seek information relating to "date, time, originating and receiving telephone number, originating cell site and sector and duration for all incoming and outgoing calls" because it was merely "subscriber information." *Id.* at *3-4. The same should be true here. Optiver should be permitted to obtain the specific information sought because it is not the contents of any stored communications and does not implicate any potential violation of the DCPA.

## IV. CONCLUSION

For all these reasons, Optiver respectfully requests the Court grant its request for judicial assistance and permit it to subpoena documents from Google.

Dated: October 9, 2012.          Respectfully Submitted,

BOBBY A. GHAJAR
MARCUS D. PETERSON
PILLSBURY WINTHROP SHAW PITTMAN LLP

By _____
Bobby A. Ghajar
Marcus Peterson
Attorneys for Plaintiff
OPTIVER AUSTRALIA PTY LTD. & ANOR.